UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAYLOR, et al., | 1:14-cv-00939-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | (Doc. 18.) |
| NORM KRAMER, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Plaintiffs, Jason Taylor, John S. Garibay, Everett Kite, Oscar Marshall, Alfonson Mouzon, Khanh Nguyen, Jaffar Oliver, Carlos Paniagua, Billy Ray Redding, Edward Ronje, Jorge L. Rubio, Dennis Sharkey, Manuel Stell, Frank Sumahit, Andrew Warren, and Anthony Weathington (collectively, "Plaintiffs"), are civil detainees proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs filed the Complaint commencing this action on June 18, 2014. (Doc. 1.)

Plaintiffs have filed a motion for appointment of counsel. (Doc. 18.)

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs do not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiffs pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiffs filed the Complaint on June 18, 2014, and the Complaint awaits the Court's screening required under 28 U.S.C. 1915. Thus, to date the Court has not found any cognizable claims in Plaintiffs' Complaint for which to initiate service of process, and no other parties have yet appeared. Moreover, the court finds it unlikely that Plaintiffs will succeed on the merits, because the Complaint fails to allege that any of the Plaintiffs have suffered any injury as a result of Defendants' alleged acts or failure to act.[1] Based on a review of the record in this case, the Court does not find that Plaintiffs cannot adequately articulate their claims. The legal issues in this case – whether defendants were negligent or deliberately indifferent to Plaintiffs' medical needs – is not complex, and this court is faced with similar cases almost daily. Therefore, Plaintiffs' motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

---

[1] Plaintiffs allege that Defendants have failed to provide them with preventative measures to avoid contraction of the disease known as Valley Fever, and Plaintiffs seek compensation for estimated costs of medical treatment, should they become infected. The Complaint contains no factual allegations demonstrating any injury suffered by any of the Plaintiffs. In fact, Plaintiffs acknowledge that "Plaintiffs have not contracted any form of the . . . disease." (Complaint at 9 ¶3.)

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for the appointment of counsel, filed on June 18, 2014, is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **July 9, 2014**          **/s/ Gary S. Austin**
                            UNITED STATES MAGISTRATE JUDGE