UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAYLOR, et al.,<br><br>   Plaintiff,<br><br>vs.<br><br>NORM KRAMER, et al.,<br><br>   Defendants. | 1:14-cv-00939-AWI-GSA-PC<br><br>ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS GARIBAY, KITE, MARSHALL, MOUZON, NGUYEN, OLIVER, PANIAGUA, REDDING, RONJE, RUBIO, SHARKEY, STELL, SUMAHIT, WARREN, AND WEATHINGTON<br><br>ORDER DENYING MOTION TO CONSIDER NEW EVIDENCE<br>(Doc. 40.)<br><br>THIRTY DAY DEADLINE FOR ALL SIXTEEN PLAINTIFFS TO EACH FILE AN AMENDED COMPLAINT IN HIS OWN CASE, AS INSTRUCTED BY THIS ORDER |

**I.   BACKGROUND**

Sixteen plaintiffs, Jason Taylor, John S. Garibay, Everett Kite, Oscar Marshall, Alfonson Mouzon, Khanh Nguyen, Jaffar Oliver, Carlos Paniagua, Billy Ray Redding, Edward Ronje, Jorge L. Rubio, Dennis Sharkey, Manuel Stell, Frank Sumahit, Andrew Warren, and Anthony Weathington  (collectively, "Plaintiffs"), are civil detainees proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs filed the Complaint commencing this action on June 18, 2014.  (Doc. 1.)

## II. SEVERANCE OF CLAIMS

After reviewing the Complaint, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party ... [or] sever any claim against a party." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

In the Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are in custody presents procedural problems that cause delay and confusion. Delay can arise from the transfer of detainees to other facilities or institutions, and the changes in address that occur when detainees are released from custody. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiffs' claims shall be severed; plaintiff Taylor shall proceed as the sole plaintiff in this action; and new actions shall be opened for plaintiffs Garibay, Kite, Marshall, Mouzon, Nguyen, Oliver, Paniagua, Redding, Ronje, Rubio, Sharkey, Stell, Sumahit, Warren, and Weathington. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

Since the claims of the Plaintiffs will be severed, each of the sixteen Plaintiffs shall be given thirty days to file, in his own action, an amended complaint. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" Plaintiffs must each demonstrate in their individual amended complaints how the conditions complained of resulted in a deprivation of their constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Each Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret

1  Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of
2  meeting this plausibility standard.  Iqbal, 556 U.S. at 679; Moss, 572 F.3d at 969.

3  Plaintiffs allege in their June 18, 2014 Complaint that they were placed at risk of contracting the disease known as Valley Fever.  While none of the Plaintiffs has yet contracted Valley Fever, Plaintiffs allege that they are at particular risk of the disease because they face certain risk factors.  Plaintiffs also allege that they are from various ethnic backgrounds.  When filing their amended complaints, each Plaintiff must allege facts concerning his own individual circumstances.  Each Plaintiff must give sufficient information about his individual risk factors of contracting Valley Fever, such as his age, his ethnic background, how long he has been housed at Coalinga State Hospital, and on what basis he claims he has an increased risk.

Each amended complaint must also specifically state how each Defendant is involved. Each Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiffs should note that although they have been given the opportunity to amend, it is not for the purposes of adding new claims arising after June 18, 2014.  Plaintiffs may not change the nature of their suits by adding new, unrelated claims in the amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiffs are advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Each amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

**III.    MOTION TO CONSIDER NEW EVIDENCE**

On August 22, 2014, Plaintiffs filed a motion for the court to consider newly discovered evidence. (Doc. 40.) Plaintiffs submitted a copy of the new evidence as an exhibit to their motion. (Exhibit 1, Doc. 40 at 7.)

In light of the fact that Plaintiffs are now required to file an amended complaint in their own cases, Plaintiffs' motion for consideration of the new evidence shall be denied. If Plaintiffs wish the court to consider the new evidence in their individual cases, they must each include it in their amended complaints. However, Plaintiffs are advised that while exhibits to the complaint are permissible, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiffs that exhibits should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If a Plaintiff's action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), the Plaintiff will have the opportunity at that time to submit his evidence.

Therefore, Plaintiffs' motion for consideration of new evidence, filed on August 22, 2014 shall be denied.

**IV. CONCLUSION AND ORDER**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Taylor shall proceed as the sole plaintiff in case number 1:14-cv-00939-GSA-PC;
2. The claims of Plaintiffs Garibay, Kite, Marshall, Mouzon, Nguyen, Oliver, Paniagua, Redding, Ronje, Rubio, Sharkey, Stell, Sumahit, Warren, and Weathington are severed from the claims of Plaintiff Taylor;

///
///
///
///
///

3. The Clerk of the Court is directed to:

      a.    Open fifteen separate § 1983 civil actions for these Plaintiffs:

          (1)    John S. Garibay
                    C-000794-8
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (2)    Everett Kite
                    C-000468-9
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (3)    Oscar Marshall
                    C-000545-4
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (4)    Alfonson Mouzon
                    C-000473-9
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (5)    Khanh Nguyen
                    C-000167-7
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (6)    Jaffar Oliver
                    C-001167-2
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (7)    Carlos Paniagua
                    C-000090-1
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

          (8)    Billy Ray Redding
                    C-000225-3
                    Coalinga State Hospital
                    P.O. Box 5003
                    Coalinga, CA 93210-5003

///

          (9)    Edward Ronje

          C-000353-3
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (10)   Jorge L. Rubio
C-000413-5
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (11)   Dennis Sharkey
C-000764-1
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (12)   Manuel Stell
C-000951-4
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (13)   Frank Sumahit
C-000065-3
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (14)   Andrew Warren
C-000143-8
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

   (15)   Anthony Weathington
C-000194-1
Coalinga State Hospital
P.O. Box 5003
Coalinga, CA 93210-5003

b.   Assign the new actions to the U.S. District Judge and Magistrate Judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

c.   File and docket a copy of this order in the new actions opened for Plaintiffs Garibay, Kite, Marshall, Mouzon, Nguyen, Oliver, Paniagua, Redding, Ronje, Rubio, Sharkey, Stell, Sumahit, Warren, and Weathington;

   d. Place a copy of the Complaint (Doc. 1), which was filed on June 18, 2014 in the instant action, in the new actions opened for Plaintiffs Garibay, Kite, Marshall, Mouzon, Nguyen, Oliver, Paniagua, Redding, Ronje, Rubio, Sharkey, Stell, Sumahit, Warren, and Weathington;

   e. Place a copy of the court's Order granting Plaintiffs' applications to proceed in forma pauperis (Doc. 20), which was filed on July 10, 2014 in the instant action, in the new actions opened for Plaintiffs Garibay, Kite, Marshall, Mouzon, Nguyen, Oliver, Paniagua, Redding, Ronje, Rubio, Sharkey, Stell, Sumahit, Warren, and Weathington;

   f. Send each of the sixteen Plaintiffs an endorsed copy of the Complaint (Doc. 1), filed on June 18, 2014, bearing the case number assigned to his own individual action; and

   g. Send each of the sixteen Plaintiffs a § 1983 civil rights complaint form;

6. Within **thirty (30) days** from the date of service of this order, the sixteen Plaintiffs shall each file an amended complaint bearing his own case number;

7. Each amended complaint should be clearly and boldly titled "First Amended Complaint" and be an original signed under penalty of perjury;

8. Plaintiffs' motion for the court to consider newly discovered evidence, filed on August 22, 2014, is DENIED; and

9. <u>Failure by a Plaintiff to comply with this order may result in the dismissal of the Plaintiff's case</u>.

IT IS SO ORDERED.

Dated:  **September 25, 2014**    /s/ **Gary S. Austin**
                 UNITED STATES MAGISTRATE JUDGE