UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAYLOR,<br><br>        Plaintiff,<br><br>    vs.<br><br>NORM CRAMER, et al.,<br><br>        Defendants. | 1:14-cv-00939-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 42.) |

**I.    RELEVANT PROCEDURAL HISTORY**

Jason Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff and Co-Plaintiffs (collectively, "the Plaintiffs"),[1] all civil detainees, filed the Complaint commencing this action on June 18, 2014. (Doc. 1.) On July 17, 2014, the court issued an order denying the Plaintiffs' request for this case to proceed as a class action. (Doc. 22.) On September 26, 2014, the court issued an order severing the Plaintiffs' claims and directing the Clerk's Office to open new action for the fifteen Co-Plaintiffs. (Doc. 41.) Jason Taylor is now the sole Plaintiff in the present case.

---

[1] There were fifteen Co-Plaintiffs: John S. Garibay, Everett Kite, Oscar Marshall, Alfonson Mouzon, Khanh Nguyen, Jaffar Oliver, Carlos Paniagua, Billy Ray Redding, Edward Ronje, Jorge L. Rubio, Dennis Sharkey, Manuel Stell, Frank Sumahit, Andrew Warren, and Anthony Weathington.

1

On October 16, 2014, the Plaintiffs filed a motion for reconsideration of the court's order denying the Plaintiffs' request for this case to proceed as a class action. (Doc. 42.)

## II. MOTION FOR RECONSIDERATION

### A. Legal Standards

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. Plaintiff's Motion

The Plaintiffs request reconsideration of their motion to proceed as a class action, in light of the Ninth Circuit's decision in Samuels v. Ahlin, case no. 13-16044. The Plaintiffs argue that they are entitled to "a similar remedy" as that found in Samuels v. Ahlin "under the doctrine of stare decisis" and "should not have to wait on individuals to contract the lethal disease in order to have their day in Court." (Motion, Doc. 42. at 2:9, 20-21.) The Plaintiffs request class certification "because of their ages, medical conditions, and the inadequate and lack of preventive measures to block one from contracting the deadly spores of Valley Fever." (Id. at 2-3.)

### C. Discussion

The court denied the Plaintiffs' motion for class certification because "the Plaintiffs are all non-lawyers proceeding without counsel, and none of the Plaintiffs can 'fairly and adequately protect the interests of the class' as required by Fed. R. Civ. P." (Order, Doc. 22 at 1-2.)

The Ninth Circuit's decision in Samuels v. Ahlin to which the Plaintiffs refer was issued on August 21, 2014. Samuels v. Ahlin, No. 13-16044, 2014 WL 4100684 (9th Cir. Aug. 21, 2014). In this case, plaintiff Dougal Samuels, a civil detainee housed at Coalinga State Hospital, "alleged that defendants knew of the life threatening risk of building Coalinga State Hospital in a highly endemic area for valley fever, but nonetheless approved or failed to stop the facility's construction." Id. at *1. Samuels's case was dismissed by the trial court for failure to state a claim, and Samuels appealed the decision to the Ninth Circuit. The Ninth Circuit found that the dismissal of Samuels's safe conditions claim was premature, holding that Samuels's "allegations, liberally construed, were 'sufficient to warrant ordering [defendants] to file an answer.'" Id. The decision in Samuels does not concern class certification and is not supportive of the Plaintiffs' motion for reconsideration.

The Plaintiffs have not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that the Plaintiffs' motion for reconsideration, filed on October 16, 2014, is DENIED.

IT IS SO ORDERED.

   Dated: __October 31, 2014__                         __/s/ Gary S. Austin__
                                                          UNITED STATES MAGISTRATE JUDGE