UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON TAYLOR,<br><br>                Plaintiff,<br><br>         vs.<br><br>NORM KRAMER, et al.,<br><br>                Defendants. | 1:14-cv-00939-AWI-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 44.) |

### I.    RELEVANT PROCEDURAL HISTORY

Jason Taylor ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff and fifteen co-plaintiffs filed the Complaint commencing this action on June 18, 2014. (Doc. 1.) On September 26, 2014, the court issued an order severing the plaintiffs' claims and opening fifteen new cases, one for each of the fifteen co-plaintiffs. (Doc. 41.) Plaintiff Jason Taylor is now the sole Plaintiff proceeding with this case.

On July 10, 2014, before the plaintiffs' claims were severed, the court issued an order denying the plaintiffs' motion for appointment of counsel, (Doc. 21), and on July 17, 2014, issued an order denying the plaintiffs' request to proceed as a class action, (Doc. 22). On

November 17, 2014, Plaintiff and the fifteen former co-plaintiffs filed a motion for reconsideration of the orders denying appointment of counsel and denying class action certification. (Doc. 44.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

The plaintiffs have not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions.  Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that the plaintiffs' motion for reconsideration, filed on November 17, 2014, is DENIED.

IT IS SO ORDERED.

Dated:    **November 24, 2014**                              **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE